318 So.2d 409 (1975)
Petition of James Steven HUGHES.
No. 74-1087.
District Court of Appeal of Florida, Fourth District.
September 12, 1975.
Stephen M. Stone, Orlando, for appellants James Steven Hughes and Janyce Lynn Hughes.
No appearance for appellee.
DOWNEY, Judge.
In a step-parent adoption proceeding the respondent natural father in addition to contesting the adoption also cross petitioned against the natural mother to obtain custody of the child. At trial the step-parent abandoned his petition for adoption leaving the custody issue for resolution by the court. The final judgment awarded custody to the natural mother and fixed definite visitation rights for the natural father. The natural father filed a Petition for Clarification and Enforcement of Judgment for Visitation, alleging that the mother had failed to comply with the oral order of the court made the day of the trial relative to visitation. Said motion was noticed for hearing on a day certain but only counsel for the respective parties attended and no testimony was taken. Several days later the court entered the order under review and found the mother in contempt for failing "to comply with paragraph 6 of this Court's order dated June 24, 1974." The court did not sentence the mother pursuant to its finding of contempt, but it did provide a manner in which she could purge herself of contempt. Finally, the court assessed a $100 attorney's fee against the mother.
In our judgment the finding that the mother was in contempt cannot stand. The matter was before the court on the *410 natural father's unsworn motion, and no testimony was taken upon which to base the adjudication of contempt. Although the quality of the burden of proof is heavier in a criminal contempt proceeding, still a finding of civil contempt is a serious matter and cannot be entered unless the moving party has proved his allegations by a preponderance of the evidence. In re S.L.T., Fla.App. 1965, 180 So.2d 374. As we noted above, in the present case the movant offered no evidence to support his allegations. Therefore the finding of contempt was improper.
Since we hold the adjudication of contempt to be erroneous, it follows the assessment of attorney's fees against the appellants is also error.
Reversed.
CROSS and OWEN, JJ., concur.